Rodriguez v. Guzman Robert O'Loughlin Paul Weitz . Unfortunately there has been no rule 35 motion in the district court below to explore this issue. The defendant's objection is really not whether they can do one. It's the cost of doing one. They don't seem to suggest that they can't go to the Dominican Republic and actually do a physical examination there. They just don't want to pay to send an expert to do it. There's nothing in the record actually quantifying what the cost of that would be. There's just a conclusory assertion by the defendants that doing it would be cost prohibitive. And I think if you were I do know under the current conditions that I note under the current conditions that we're living in that at least my primary care physician and I expect some experts are doing telemedicine. That has not been explored, Your Honor, but that's exactly the type of thing that should be explored on remand when a proper rule 35 motion is made. There's also been nothing in the record about exactly what is needed from this physical examination. So I can't say what could be done by telehealth, what might be able to be done by an expert directing a physician who's in the Dominican Republic to do blood work or do some sort of examination. Again, that's all the sort of things that should have been explored by the district court in the first instance rather than administratively closing this case. I'd also note that the defendants have rejected our cost-saving proposal of hiring an expert who's already in the Dominican Republic to do this examination and thereby avoid all the travel costs that they are objecting to. So I take it that what is on appeal is what's been called an administrative closing of the case. Is that right? That is correct, Your Honor. It's not a typical dispositive. It's not a grant of summary judgment. It's not a 12 v. 6 dismissal. It's without prejudice. Well, it's It's without prejudice. Yes, but it's an administrative closing. So what I want to know from this counsel is what you understand the standard of review is for a court of appeals considering an administrative closing of the case. Yes, Your Honor. Well, I think there's two questions in there. One goes to the point Judge Pooler made about it being without prejudice. And this is the jurisdiction we raised in our opening briefs, that the case is, due to the possibility of Mr. Rodriguez ever meeting the court's condition, that this case is effectively closed. It's unlikely that he'll ever I wasn't even raising the finality question at all. Let's assume that even with the without prejudice, let's just assume for a moment, without prejudice does not render it not final. So taking it as an appealable order, what is the standard of review? Your Honor, the standard of review is abuse of discretion, we believe. And here we would say that the district court did abuse its discretion, either under the There are different ways to abuse discretion, but either through the clearly erroneous assessment of the evidence or through making a decision that cannot be located within the range of permissible decisions. That's the language that this court has used in cases like Leftridge, which is cited in our briefs. Could the court have done something more in order to avoid what, in your view, is an abuse of discretion? Your Honor, on the record before the district court here, I don't think that it could have closed the case in the way that it did. There are certainly cases where administrative closure would be within the district court's discretion. For example, if you have, there are cases where a plaintiff is located outside the country, does not have counsel, it would be logistically impossible to try the case with them abroad. That's a case where administrative closure may be permissible. In this case, though, he has counsel who can appear in person. We'll be able to use video conferencing technology to depose him and for him to appear at trial. So there's Again, this concern about cost with physical examination is something that can be explored on remand. So there's really no impediment to continuing here. It's also notable that the district court's Well, when you say that's an interesting phrase, no impediment. In order to act within a judge's discretion to close, does conducting the litigation from abroad have to be impossible or merely rendered somewhat more difficult? Well, Your Honor, the language from the Mohammed case out of the Fourth Circuit, the Monk case out of the Fifth Circuit, and others says that administrative closure has to be a, quote, last resort, end quote. That can only be, that should only be used when other alternatives have been explored and found to be unworkable. And we submit here that none of the alternatives are in fact unworkable and any suggestion by the district court that they are is erroneous. And none of the alternatives I'm sorry. None of the alternatives were explored, actually. Your Honor, the district court acknowledged that in its opinion that remote depositions are available, but then said that None of the alternatives would be workable because he needs to be present for trial. It's silent as to why he needs to be present for trial. It does not explore the question of using, of using a video deposition or doing a live video conferencing at trial. The district court's opinion is simply silent as to those. It also does not explore the option of doing an in-person physical examination in the Dominican Republic. It just says that a physical examination is likely to be necessary and concludes that defendants won't be able to do it without exploring any of the parameters that could be put in place so as to allow that to go. Counsel, I appreciate that you've got a Fourth Circuit case that uses the last resort phrase. Is there any case in our circuit that has any View of the standard Well, other than abuse of discretion that that that fleshes out the way the Fourth Circuit has what what that means in this context. No, Your Honor. This would be a question of first impression for this circuit. But again, it's circuit has followed the Fourth Circuit on these issues and has used the same last resort language in its opinions on this. Your counsel. Thank you. In conclusion, Oh, you're Under the remainder of my time for You off with your last sentence. Why don't you do your in conclusion sentence. Oh, well, Your Honor. I actually I have another point with the court's permission, but I can save that for rebuttal if unless you would give me 20 seconds to address it. Okay, save it for rebuttal. Appellee New York State Where is that person. Mr. Brady. Yes. Can you hear me. Yes, but we can't see you. How's that That's great. Good morning, Your Honors. Hope you're all well. Frank Brady on behalf of the defendant appellees may please the court. There are our argument is that for basically twofold. First, the district court did not abuse its discretion in deciding that Administrative a closure without without prejudiced reopening was appropriate here in light of plaintiff's deportation to the Dominican Republic. Secondly, we recognize that the court didn't discuss every factor when it did its analysis. So the court. Any factor, not just every it didn't discuss any factor. Well, I Thought the court. Discussed Discussed the inconvenience and cost to the defendants of having to arrange for the plaintiff to be undergo a medical examination in the Dominican Republic. My understanding is is it costs several thousand dollars generally just to have an expert examine somebody For a physical examination. In this case, we would have to pay the cost of sending someone an expert round trip to the Dominican Republic and You know, in addition to paying the usual cost of a report in the examination, we'd have to pay for his hotel and the flights. So, I mean, you know, that's a that's quite a burden on us. Of course, you could hire a Dominican Republic doctor who would meet your needs. If you investigated that I don't think you investigated that. Did you Know, there's no evidence that we investigated that I think we don't, you know, we don't know any any doctors in the Dominican Republic. We don't, we feel like we wouldn't be acquainted with them. Usually the experts that we are drawing from that pool are people that we have worked with before or are recommended to us. I don't know that we have Maybe they know maybe they know doctors in the Dominican Republic, or perhaps they know somebody who might be vacationing in the Dominican Republic, who is fully qualified to get paid for the vacation. That that's true. None of that's been explored. Right. But there, there are there are aspects that haven't been explored. I'm, you know, I The other. I think the other thing the court looked at was the possibility that there would because the injuries deal were ongoing. There would be more medical experts that would have that would that the plaintiff would be consulting down there and that would entail a lot of depositions and just the logistics of basically Trying this case, you know, all the discover all the deposition testimony or a lot of the meaningful deposition testimony is going to be in the Dominican Republic and then Well, let's, let's say hypothetically that this person was a US citizen from the state of Washington and had suffered the same Problems as alleged or as pleaded and had moved back out to the state of Washington. You mean to tell me that would be a reason for dismissal because you're probably farther away to go to the state of Washington, then you are to the Dominican Republic. You know, again, it's I think it's it's closure, but I think another thing that struck me is that Closure. Well, the case, it could be reopened that the case is administrative closure. So, so what needs to be done to reopen it and get it going. Well, one thing I one thing I think that the court should that that the plaintiff should be required to do is at least At the very least, apply for reentry into the United States that may the odds. The odds may be low, but I think as a threshold matter. Somebody who has been deported and is not allowed to reentry but has the ability to gain reentry, perhaps for limited purposes, such as this. I'm not sure, but they can make an application to the Attorney General. Have you been paying any attention to the news about these kinds of things going on, just as a general matter. I think the chances are low judge extremely low, but I'm just saying that if I was if I was say writing a law or, you know, I, you know, as a threshold matter. I think that's one thing. I think I would, I would want. Now, it may be that that's not going to happen. The person is not going to get in, but maybe the attempt should be made as a threshold matter. Look, I'm not. It's not clear. I mean, I think we've we've kind of raises in the brief. It's not clear that all the alternatives were explored. I don't think the court directly addressed the feasibility of Depositions or Try or videos. I don't think the court did. And that's why we have Council all the cases you cited foreclosure in And we're here we have a plaintiff, who is very well represented by a lawyer, which means there's less Need for him to be present as long as his lawyers present. Isn't that correct. I totally agree. Judge and I and I and I think You cited you cited all pro se cases in your brief. Well, the cases you know for for some of the propositions about administrative closure. I think the cases are a little bit all over the map. You know, sometimes there's a pro se Individual and a lot of the cases are do do have to do with pro se people and I readily concede that the presence of counsel. Is certainly a mitigating factor in plaintiff's favor, and I'm not sure that again that the district court. Weigh that factor and the because because because it had being represented by Council. I think Council can arrange for a lot of a lot of help solve a lot of the logistical problems. My screen went blank. I don't know what  As far as the standard review what what's wrong, if anything, with the Fourth Circuit last Um, I, you know, that was an interesting philosophical question, you know, should it be completely impossible or just extremely inconvenient. If we're talking about, you know, the district courts exercise of discretion. I'm not sure completely impossible standard is appropriate, you know, because the district court. I didn't understand the Fourth Circuit to do that when they say last resort that sounded like sort of the next to last thing impossible would be the very end of the scale. But I think they were saying, no, it's the next to last. It's, it has to be as you look at the different possibilities. This has to be the last resort. And I'm just wondering if you find that Standard or you're urging something Short of that sort of a general assessing all the circumstances and leaving it to the good judgment of the district court. I think that's a that's a appropriate formulation. I think it shouldn't, you know, all the Possibility should be explored. And and I, you know, a litigant shouldn't be thrown out of court when they're if there are possible solutions to the logistical challenges posed by Them being another in another forum and other country, you know, obviously, like, especially now we're doing so much remotely. And I think, I think that kind of changes the calculation, maybe in some of these cases as well. About No, I can't hear who's talking. I think they're trying to get back the other lawyer. Yes, that was another attorney for the previous case. He is here. I just put them on mute again so you can continue. I'm sorry for that. Okay, thank you. We'll take him after we conclude this argument. Does that conclude your argument, Mr. Brady. Yes, just, just briefly, I would just say, you know, I, there are, there's a case called Thornley on the Fourth Circuit, where They remanded because they they found that the administer the the district court's decision didn't fully explain the basis for the administrative closure didn't reflect the full consideration of all the factors. I think that's an option to court could certainly take here. So remand for further development. Yes, because it's not clear on the face of the decision how all the factors were weighed, such as the fact that the plaintiff is represented by counsel and the fact that A lot of a lot of discovery can take place virtually What about remanding and telling the district court to reopen this case based on our discussion here today. I, I, I, I, I think, I think it should be. I think the administrative closure order is defensible. I think the court should get a chance to reweigh the factors. We weigh after we've discussed Depositions attorney representation. All right. Thank you. We'll take that into consideration. Thank you. Council will hear from Mr. Lachlan Good. There you are. There we are. Thank you, Your Honor. I think, Your Honor, just starting with where your honor ended the idea that this case should go back to the district court with an instruction to reopen is Is the right one, because as we've discussed today, the, the, the inconveniences of Mr. Rodriguez being located abroad are not so great that there's that they can't be worked around that we can't continue this case. There's anything that would support indefinitely closing it until he's able to come back to the United States. And Mr. Lachlan, you're prepared to represent Mr. Rodriguez, no matter what. That's correct, Your Honor. Our firm is representing him in the district court. We will continue to represent him in the district court. Thank you for that. Yes. Now I wanted to briefly address the point that I dropped at the end of my initial presentation, which is there's a corollary to the physical examination point. That was raised by the defendants in the district court, which is the need to depose Mr. Rodriguez is treating physicians in the Dominican Republic. And on this, I just want to emphasize that this is not An issue that's going to be cured by Mr. Rodriguez returning to the United States. The district court's order focuses on Mr. Rodriguez's location and says this case can be reopened if he returns. Regardless, those Medical providers are still going to be in the Dominican Republic. So that's an issue we're going to have to work through no matter what. It doesn't really go to the, the, the, what's at issue in this case, which is Mr. Rodriguez's location. And finally, Your Honor, I would like to I would like to point out that the defendants are continuing to raise this issue of the cost of sending an expert to the Dominican Republic. I think that it's going to be if we were to explore that in the district court below. I don't think the cost is going to be that great as Defendants Council pointed out, regardless, they're going to incur the cost of the expert doing the examination. I looked at flights to the Dominican Republic from New York City. They're a little north of $300 right now. I don't think that's enough of a burden on the defendants to just indefinitely closing the case and denying Mr. Rodriguez to stay in court. Also, the doctor's hourly rate in Dominican Republic may be lower than the doctor's hourly rate in New York City. I would expect that to, I would expect that to be true, Your Honor, but that, again, that's exactly the sort of thing that we need to explore on a rule 35 motion below. Just to conclude, Your Honor, obviously all of the options here are less ideal than Mr. Rodriguez returning to the United States. No one disputes that. But when you have a situation where a plaintiff is unable to return, but has counsel and has been demonstrably able to continue his case, will be able to continue it using the methods we've discussed today, there's simply nothing, no reason for the district court to administratively close it. And we would urge that this court reverse the district court's decision. Thank you, counsel. Thank you both. We'll reserve decision.